UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PARIS MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12-CV-917 CAS |
| | ) | |
| JABBER JAW MOBILE L.L.C., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court for examination pursuant to Rule 4(m), Federal Rules of Civil Procedure.

This action was removed from state court on May 18, 2012. Named as defendants are Jabber Jaw Mobile L.L.C., Jabber Jaw Mobile VZ L.L.C., Robert Eric Stepney, and Sean Hennessey. A review of the Court file shows that defendant Hennessey has not been served in this matter nor has service been waived on his behalf.[1] After removal, the Federal Rules govern service of process regarding any defendants who were not served in the state court action. 28 U.S.C. § 1448; Marshall v. Warwick, 155 F.3d 1027, 1033 (8th Cir. 1998). Under Rule 4(m), Fed. R. Civ. P., the Court, after

---

[1]Although Hennessey joined in the notice of removal, the Eighth Circuit has held that where a defendant does not file any court documents following removal, he cannot be deemed to have entered a general appearance. See Norsyn, Inc. v. Desai, 351 F.3d 825, 828 & n.3 (8th Cir. 2003). Further, a defendant does not waive objections to service of process or personal jurisdiction by removing a state court action to federal court. See Morris & Co. v. Skandinavia Ins. Co., 279 U.S. 405, 409 (1929); City of Clarksdale v. BellSouth Telecommc'ns, Inc., 428 F.3d 206, 214 n.15 (5th Cir. 2005) (citing Morris); Silva v. City of Madison, 69 F.3d 1368, 1376 (7th Cir. 1995) (citing Morris; right to removal does not waive objection to improper service of process); Kiro v. Moore, 229 F.R.D. 228, 231 (D.N.M. 2005) ("[R]emoving an action from state to federal court does not waive a defendant's defense of lack of process or lack of service of process.").

notice to the plaintiff, is directed to dismiss an action against a defendant upon whom service has not been made within 120 days after the filing of the complaint. The Rule 4(m) period for service expires in this case on September 17, 2012, 120 days after removal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall cause service to be effected upon defendant Sean Hennessey and file proof of service by **September 17, 2012**. In the absence of good cause shown, failure to timely serve defendant Hennessey will result in the dismissal of plaintiff's claims as to that defendant without prejudice and without further notice.

*/s/ Charles A. Shaw*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  17th  day of August, 2012.