UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PARIS MORRIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:12-CV-917 CAS |
| JABBER JAW MOBILE L.L.C., et al., | ) ) ) |
| Defendants. | ) ) |

**ORDER**

This matter is before the Court on a motion for leave to withdraw as counsel for the defendants Jabber Jaw Mobile, L.L.C., Jabber Jaw Mobile VZ, L.L.C., and Sean Hennessy, filed by attorneys Doreen D. Dodson and Susan Nell Rowe.  The motion states that the partners of Ms. Dodson and Ms. Rowe's law firm, The Stolar Partnership, LLP, have voted to dissolve the firm and that the firm's last day of operation will be April 30, 2013.  The motion also states that the defendants have been advised of the motion's filing and that they consent to their attorneys' withdrawal from this matter.

Generally, this Court will not allow counsel to withdraw unless substitute counsel enters an appearance for the client.  This general rule is especially significant in cases where the client is a corporation.  Artificial entities such as corporations can only act through agents, cannot appear pro se, and must be represented by counsel.  Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993) (artificial entities may appear in federal courts only through licensed attorneys); see also Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856-57 (8th Cir. 1996) (corporation was technically in default as of the time its counsel withdrew).

This Court has adopted the Rules of Professional Conduct of the Supreme Court of Missouri. See E.D. Mo. L.R. 12.02. According to the Rules of Professional Conduct, a lawyer may withdraw from representation of a client if the withdrawal can be accomplished without material adverse effect on the interests of the client, or if good cause for withdrawal exists. See Missouri Supreme Court Rule of Professional Conduct 4-1.16(b). "[A] lawyer shall continue representation when ordered to do so by a tribunal notwithstanding good cause for terminating the representation." R. Prof. Conduct 4-1.16(c).

Two of the defendants represented by Ms. Dodson and Ms. Rowe in this matter are limited liability corporations that cannot appear pro se. Therefore, these defendants must secure new counsel, or be subject to having their answers stricken and possibly be subject to a default judgment entered in favor of the plaintiff. These defendants cannot file any papers or motions in this case except through a licensed attorney. The Court will withhold ruling on the motion to withdraw for a period of thirty days from the date of this order, to allow the defendants time to obtain substitute counsel. If defendant Hennessy fails to obtain substitute counsel within the time allowed, he may be required to proceed to trial pro se, that is, without the assistance of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that defendants shall obtain new counsel and defendants' substitute counsel shall enter an appearance on their behalf by **May 30, 2013**.

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   30th   day of April, 2013.